UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GREG MARVIN DeBERRY**<br>**REG. # 22769076** | : | **DOCKET NO. 17-cv-1209**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Greg Marvin DeBerry. DeBerry is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**I.**
**BACKGROUND**

DeBerry brings this petition to challenge the BOP's failure to place him in a residential reentry center ("RRC"), also known as a halfway house. Doc. 1, p. 5. He states that in early April 2016, his case manager told him that he had been approved for a six-month RRC placement beginning on July 5, 2017, and that this information was repeated at his next two team meetings in late April 2016 and October 2016. *Id.* However, he maintains, in January 2017 it was discovered that this case manager had never submitted the appropriate packet. *Id.* DeBerry states that his next

case manager processed and submitted the packet, but that he was informed the following month that his RRC placement in his home district had been denied due to lack of space. *Id.*

DeBerry states that he began the administrative remedy process seeking an RRC placement, but that he has abandoned this process as "patently futile" and "wholly inappropriate" because his release date in January 5, 2018, and his regional appeal is still pending. *Id.*; *see* doc. 1, att. 2 (noting release date). In relief, he requests that the court order the BOP to place him in an RRC in any district of Mississippi or Tennessee or to release him directly to home confinement. Doc. 1, p. 5.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Several circuits, and districts within this circuit, have held that a § 2241 petition may also be used to challenge where a federal sentence should be served, and specifically the BOP's decision not to place an inmate in an RRC. *See Mihailovich v. Berkebile*, 2007 WL 942091 at *3 (N.D. Tex. Mar. 28, 2007) (collecting cases); *see also McConnell v. Maiorana*, 2014 WL 587176 at *1–*2 (W.D. La. Feb. 14, 2014).

Petitioners seeking relief under § 2241 generally must exhaust their administrative remedies before presenting their claims in federal court.[1] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). This requirement "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 112 S.Ct. 1081, 1086 (1992). "Exhaustion concerns apply with particular force when the action under review involves exercise

---

[1] For federal prisoners, this means complying with the three-tiered administrative remedy program provided by the BOP. 28 C.F.R. § 542.10 *et seq.*; *see Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

of an agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *Id.*

However, exhaustion of remedies is not a jurisdictional requirement for § 2241 actions and a petitioner's failure to exhaust may thus be excused when the available remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust would be "a patently futile course of action." *Kennedy v. Berkebile*, 2009 WL 151207 at *2 (N.D. Tex. Jan. 20, 2009) (quoting *Fuller*, 11 F.3d at 62). These exceptions apply "only in extraordinary circumstances" and the inmate bears the burden of showing that an exception's applicability to his case. *Fuller*, 11 F.3d at 62 (internal quotations omitted)..

Here DeBerry contends that his failure to exhaust is excused because his release date of January 5, 2018, is approaching. He filed this suit on or about September 21, 2017, claiming that his second step administrative remedy was still pending. Doc. 1, p. 5. His exhibits show that his first step was filed on July 12, 2017, and denied by the warden on July 21, 2017. *See* doc. 1, att. 2, p. 1. He provides no excuse for delaying so long in filing his first step with the warden.

As the Supreme Court has noted, while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Falcon v. Upton*, 2014 WL 712547 at *2 (N.D. Tex. Feb. 23, 2014) (quoting *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1839 (1973)). The two months or less in which DeBerry's second-step appeal was allegedly pending before he filed this action do not reflect an inordinate delay. If DeBerry's claim has merit, there is nothing to suggest that the BOP will not afford him relief through its administrative remedy process. Furthermore, if the BOP has made an error with regard to his RRC placement request, it should be given the opportunity to correct it before judicial intervention is sought. *See id.* (denying § 2241 petition based on halfway house placement as unexhausted, in spite of petitioner's claim

that exhaustion would have interfered with her ability to obtain the full twelve months of placement if the court granted her petition); *see also Callahan v. Young*, 2013 WL 3346842 (W.D. La. Jul. 2, 2013) (refusing to excuse lack of exhaustion for § 2241 seeking immediate placement in an RRC). Accordingly, DeBerry fails to demonstrate "extraordinary circumstances" excusing his failure to exhaust administrative remedies and this matter should be dismissed without prejudice.

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE